# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| FATIGUE FRACTURE TECHNOLOGY, LLC, | Case No.: 15-cv-5667 |
| Plaintiff, | Judge John Robert Blakey |
| v. | |
| NAVISTAR, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |
| NAVISTAR, INC., | |
| Counterclaim Plaintiff, | |
| v. | |
| FATIGUE FRACTURE TECHNOLOGY, LLC, | |
| Counterclaim Defendant. | |

## PROPOSED CASE MANAGEMENT ORDER AND SUPPLEMENT TO INITIAL STATUS REPORT

Pursuant to the Court's June 8, 2016 Order, the Parties hereby present their proposed case management order and supplement to the initial status report, indicating in the alternative for points on which they are unable to agree.

### REPORT OF THE PARTIES' PLANNING MEETING PURSUANT TO THE JUNE 8, 2016 ORDER

1. The following persons participated in a conference on June 24, 2016 by telephone:

   Thomas J. Wimbiscus and Alejandro Menchaca, representing Defendant; and
   William Spence, representing Plaintiff.

2.     Initial Disclosures. The parties have completed the initial disclosures required by Rule 26(a)(1).

    <u>Plaintiff's Proposal</u>: Plaintiff contends that this supplement is sufficient and no amended Rule 26(a)(1) disclosures are required.

    <u>Defendant's Proposal</u>: Defendant proposes that any supplemental and/or amended Rule 26(a)(1) Initial Disclosures shall be served by July 22, 2016, in view of Plaintiff's First Amended Complaint.

3.     Disclosures and Discovery Pursuant to Local Patent Rules. The parties acknowledge that the requirements of the Local Patent Rules apply to this case.

    <u>Plaintiff's Proposal</u>: Plaintiff proposes the following dates proposed consistent with such rules:

    a.     Fact discovery shall commence on June 29, 2016 pursuant to LPR 1.3.

    b.     Plaintiff shall serve Initial Infringement Contentions on Defendant on or before July13, 2016 pursuant to LPR 2.2.

    c.     Defendant shall serve Initial Non-Infringement, Unenforceability and Invalidity Contentions on Plaintiff, and provide its Document Production Accompanying Initial Invalidity Contentions, on or before July 27, 2016 pursuant to LPR 2.3 and 2.4.

    d.     Plaintiff shall serve Initial Response to Invalidity Contentions on Defendant on or before August 10, 2016 pursuant to LPR 2.5.

    e.     The parties shall serve Final Infringement, Unenforceability and Invalidity Contentions on the opposing party on or before December 7, 2016 pursuant to LPR 3.1.

    f.     The parties shall serve Final Non-Infringement, Enforceability and Validity Contentions on the opposing party on or before January 4, 2017 pursuant to LPR 3.2.

    g.     The parties shall exchange claim terms needing construction and proposed constructions on or before December 21, 2016, and meet and confer by December 28, 2016 to agree upon no more than ten (10) claim terms or phrases to submit for construction by the Court pursuant to LPR 4.1.

      h.      Defendant shall file its Opening Claim Construction Brief not to exceed twenty-five (25) pages, and the parties shall file a Joint Appendix, by January 25, 2017 pursuant to LPR 4.2(a).

      i.      Plaintiff shall file its Responsive Claim Construction Brief not to exceed twenty-five (25) pages by February 22, 2017 pursuant to LPR 4.2(c).

      j.      Defendant shall file its Reply Claim Construction Brief by March 8, 2017 pursuant to LPR 4.2(d).

      k.      The parties shall file a Joint Claim Construction Chart and a Joint Status Report by March 15, 2017 pursuant to LPR 4.2(f).

      l.      Initial fact discovery shall be completed by January 18, 2017 and may resume upon entry of a claim construction ruling, ending six weeks after entry of the claim construction ruling pursuant to LPR 1.3.

      m.      Reports from retained experts under Fed. R. Civ. P. 26(a)(2) shall be due:

           (1)    Initial Expert Reports on issues for which a party bears the burden of proof by three (3) weeks after the close of discovery after entry of a claim construction ruling pursuant to LPR 5.1(b).

           (2)    Rebuttal Expert Reports by five (5) weeks after the date for Initial Expert Reports pursuant to LPR 5.1(c).

           (3)    Depositions of expert witnesses shall be completed by five (5) weeks after the date for Rebuttal Expert Reports pursuant to LPR 5.2.

      n.      Dispositive motions shall be filed within four (4) weeks after the scheduled date for the end of expert discovery pursuant to LPR 6.1.

4.    Additional Discovery Plan. The parties propose the following in addition to the discovery plan and schedules addressed in the Local Patent Rules:

    (a)    <u>Plaintiff's Proposal</u>: Plaintiff submits that full discovery should begin immediately. Plaintiff filed its initial complaint in this matter on June 25, 2015, and an amended complaint on May 12, 2016. The amended complaint identifies the same accused part that was accused of infringement back in June 2015. In or before June of 2015, Plaintiff provided Defendant with photos of the accused part, including the identifying label and the box where the part number, the barcode, and the supplier number are specified. To date, Plaintiff has yet to definitely learn from Defendant where Defendant manufactured the part and when it was manufactured. Without

3

discovery, such basic questions will continue to remain unanswered, and the parties will be unable to meaningfully work toward resolution of this matter. Although an upcoming, proposed inspection may impact the total amount of damages, it will not resolve issues of liability. Critically, Plaintiff is concerned that the machine that was used to manufacture the accused part may no longer exist and/or may no longer be in operation. If additional time is allowed to pass before the commencement of discovery, then additional evidence may be lost and memories will continue to fade.

Plaintiff further submits that discovery should begin immediately so that it can formally produce to Defendant an assignment dated June 19, 2015, showing that U.S. Pat. No. 7,143,915 was assigned from Sameh Guigis to Fatigue Fracture Technology LLC.

Defendant's Proposal: In the interest of proportionality, Defendant submits that the opening of full discovery should be stayed at least until inspections of manufacturing processes used by Navistar and non-parties have been completed, as inspections are expected to show that there is no basis for Plaintiff's new charge of infringement. The parties have tentatively scheduled inspection of third party Camtac's process for July 13, 2016. The parties are also working on scheduling an inspection of Navistar equipment before July 16, 2016. Notably, a prior inspection had resolved the issue of accused infringement with respect to the manufacture of "bearing caps."

Any asserted delay with respect to discovery of "connecting rods" stems from the failure of FFT's original complaint to accuse those products of infringement. *See* Docket #18 Navistar's motion to dismiss ("Nowhere in the complaint, however, does FFT allege that the Navistar connecting rods are fractured in a process that uses (i) vibrating the connecting rods or (ii) the claimed subject matter of the '361 patent. …the Complaint makes an unspecified allegation of infringement of the '361 patent, but does not identify which products are allegedly made by a process that infringes the '361 patent."). Further, as counsel for Defendant was informed, Defendant submits that, to its knowledge, there is no basis for the statement "the machine that was used to manufacture the accused part may no longer exist."

Consistent with Rule 33 of the Federal Rule of Civil Procedure, a party may serve no more than 25 written interrogatories on another party and responses to interrogatories are due 30 days after service.

In addition, Defendant submits that the patent in suit is unenforceable because it is subject to a terminal disclaimer, which requires that it be co-owned with U.S. Patent No. 7,143,915. The patent-in-suit is not co-owned with U.S. Patent No. 7,143,915 and is therefore unenforceable. Defendant intends to file a motion on the pleadings to dismiss this civil action based on the unenforceability of the patent in suit. Defendant submits that discovery should be stayed until that motion has been addressed.

(b)  Plaintiffs' Proposal: A party may serve no more than 100 requests to admit.

        <u>Defendant's Proposal</u>: A party may serve no more than 50 requests to admit on another party except that requests for admission regarding the admissibility of documents and things are unlimited (e.g., foundation and business record status). Consistent with Rule 35 of the Federal Rules of Civil Procedure, responses to requests to admit are due 30 days after service,

(c)    <u>Plaintiff's Proposal</u>: Consistent with Rule 30 of the Federal Rule of Civil Procedure, and except by leave of the Court as provided for in Rule 30(a)(2), a party may take a maximum of 10 depositions.

        <u>Defendant's Proposal</u>: Consistent with Rule 30 of the Federal Rule of Civil Procedure, a party may take a maximum of 10 depositions.

(d)    Consistent with Rule 30(d)(1) of the Federal Rules of Civil Procedure, the length of a deposition is limited to 1 day of 7 hours unless otherwise stipulated by the parties or ordered by court.

(e)    Discovery is permitted with respect to claims of willful infringement and defenses of patent invalidity or unenforceability not pleaded by a party, where the evidence needed to support these claims or defenses is in whole or in part in the hands of another party.

(f)    The parties agree that to accept service by email. Service by email before 5:00 p.m. Central Time shall be deemed equivalent to service by U.S. mail under the Fed. R. Civ. P.

(g)    <u>Plaintiff's Proposal</u>: As agreed upon in the August 18, 2015 Joint Initial Status Report, there is no obligation to list on the privilege log any communications post-dating the filing of this action.

        <u>Defendant's Proposal</u>: The parties agree that there shall be no obligation to log withheld documents for time periods after FFT sent its letter of November 24, 2014 to Navistar advising Navistar of FFT's investigation.

5.    Alternative Discovery Plan. The parties do not propose a discovery plan that differs from that which is provided in the Local Patent Rules.

6.    Other Dates:

(a)    Consistent with Rule 26(e) of the Federal Rules of Civil Procedure, any supplementation or correction to initial disclosures or written discovery responses must be made consistent with Rule 26(e) of the Federal Rules of Civil Procedure

(b)    <u>Plaintiff's Proposal</u>: Because this case was filed on June 25, 2015, discovery should begin immediately.

5

(c) <u>Defendant's Proposal</u>: Because it seeks a limited stay of discovery as set forth herein, Defendant seeks to meet with the Court before entry of a scheduling order.

(d) Dates for pretrial conferences shall be selected by the Court at the conclusion of the Proposed Schedule.

(e) As part of a proposed schedule, the parties agree that Plaintiff has until August 30, 2016 to amend its pleadings or to join other parties.

(f) As part of a proposed schedule, Defendant requests until September 30, 2016 to amend its pleadings or to join other parties. Plaintiff requests that Defendant have until August 30, 2016 to amend its pleadings or to join other parties.

(g) Final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists shall be made in conformity with Rule 26(a)(3) of the Federal Rules of Civil Procedure.

(h) Final dates to file objections under Rule 26(a)(3) shall be made in conformity with Rule 26(a)(3) of the Federal Rules of Civil Procedure.

7. Other Items:

(a) State the prospects for settlement:

<u>Plaintiff's Proposal</u>: Plaintiff submits that without discovery, basic questions concerning the alleged infringement will continue to remain unanswered, and the parties will be unable to meaningfully work toward resolution of this matter. Although the upcoming, proposed inspection may impact the total amount of damages, it will not resolve all liability.

(b) <u>Defendant's Proposal</u>: Defendant submits that the parties can better assess settlement of this case after an inspection of the accused process of non-party "Camtac," tentatively scheduled for July 13, 2016, and an inspection at a Navistar facility which is to be scheduled before July 15, 2016. Defendant submits that inspections of all processes used within the six-year period prior to the filing of the complaints can resolve all issues of liability, not just damages.

(c) Identify any alternative dispute resolution procedure that may enhance settlement prospects:

<u>Plaintiff's Proposal</u>: Plaintiff submits that discovery is needed so that the parties may meaningfully work toward resolution of this matter.

(d) <u>Defendant's Proposal</u>: Defendant submits that, in the interest of proportionality, full discovery is not appropriate. Defendant proposes no alternative dispute resolution procedure until after inspection of the subject process(es).

(c) <u>Defendant's Proposal</u>: Because it seeks a limited stay of discovery as set forth herein, Defendant seeks to meet with the Court before entry of a scheduling order.

(d) Dates for pretrial conferences shall be selected by the Court at the conclusion of the Proposed Schedule.

(e) As part of a proposed schedule, the parties agree that Plaintiff has until August 30, 2016 to amend its pleadings or to join other parties.

(f) As part of a proposed schedule, Defendant requests until September 30, 2016 to amend its pleadings or to join other parties. Plaintiff requests that Defendant have until August 30, 2016 to amend its pleadings or to join other parties.

(g) Final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists shall be made in conformity with Rule 26(a)(3) of the Federal Rules of Civil Procedure.

(h) Final dates to file objections under Rule 26(a)(3) shall be made in conformity with Rule 26(a)(3) of the Federal Rules of Civil Procedure.

7. Other Items:

(a) State the prospects for settlement:

<u>Plaintiff's Proposal</u>: Plaintiff submits that without discovery, basic questions concerning the alleged infringement will continue to remain unanswered, and the parties will be unable to meaningfully work toward resolution of this matter. Although the upcoming, proposed inspection may impact the total amount of damages, it will not resolve all liability.

(b) <u>Defendant's Proposal</u>: Defendant submits that the parties can better assess settlement of this case after an inspection of the accused process of non-party "Camtac," tentatively scheduled for July 13, 2016, and an inspection at a Navistar facility which is to be scheduled before July 15, 2016. Defendant submits that inspections of all processes used within the six-year period prior to the filing of the complaints can resolve all issues of liability, not just damages.

(c) Identify any alternative dispute resolution procedure that may enhance settlement prospects:

<u>Plaintiff's Proposal</u>: Plaintiff submits that discovery is needed so that the parties may meaningfully work toward resolution of this matter.

(d) <u>Defendant's Proposal</u>: Defendant submits that, in the interest of proportionality, full discovery is not appropriate. Defendant proposes no alternative dispute resolution procedure until after inspection of the subject process(es).

(e) Communications between a party's attorney and a testifying expert relating to the issues on which he/she opines, or to the basis or grounds in support of or countering the opinion, are subject to discovery by the opposing party only to the extent provided in Rule 26(b)(4)(B) and (C).

(f) In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art", "best mode", "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this provision is not satisfied by the respondent including a specific definition of the term in its response, and limiting the response to that definition.

(g) The parties agree that the video "An Introduction to the Patent System" distributed by the Federal Judicial Center, should be shown to the jurors in connection with its preliminary jury instructions.

(h) Sections 3A, B and C of the America Invents Act concerning the revisions to 35 U.S.C. §§102, 103 do not apply to the patent-in-suit in this case. The patent-in-suit issued in 2009 and is not subject to Sections 3A, B and C of the America Invents Act.

**SUPPLEMENT TO THE INITIAL STATUS REPORT**

**A.** <u>**Nature of The Case**</u>

    **1. Attorneys of Record**

The attorneys of record for Plaintiff are William C. Spence and Jacob Graham. William Spence is trial counsel for Plaintiff.

The attorneys of record for Defendant are Thomas J. Wimbiscus, Troy A. Groetken, and Alejandro Menchaca. Thomas Wimbiscus is trial counsel for Defendant.

    **2. Basis for Federal Jurisdiction**

Plaintiff's claim is brought pursuant Title 35 United States Code Section 271, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

    **3. Nature of the Claims and Counterclaims and Relief Sought**

Plaintiff asserts that Defendant infringes claims of U.S. Patent No. 7,497,361, related to fatigue fracture technology. Plaintiff seeks to recover damages adequate to compensate for the alleged infringement, prejudgment interest, costs, increased damages under 35 U.S.C § 284, an award of attorney fees under 35 U.S.C. §285 and a permanent injunction prohibiting further infringement.

Defendant's counterclaims seek declaratory judgment that (1) the claims of U.S. Patent No. 7,497,361 are invalid, (2) U.S. Patent No. 7,497,361 is not infringed, and (3) U.S. Patent No. 7,497,361 is unenforceable. The relief Defendant seek includes judgment in favor of Defendant/Counterclaimant; and a declaratory judgment declaring that the '361 patent was improperly granted and is invalid and unenforceable and that Defendant/Counterclaimant does not infringe the '361 Patent. Defendant/Counterclaimant further seeks an award of reasonable attorneys' fees and costs.

### 4. Whether Defendants Will Answer the Complaint

Defendant has answered the First Amended Complaint and has also filed an Amended Answer and Counterclaims.

### 5. Principal Legal and Factual Issues

Plaintiff's Position: The principal legal issues include the construction of the asserted patent claims. The principal factual issues include whether Defendants infringe the asserted claims of the patent in suit; (2) Plaintiffs' damages; and (3) whether this case is an exceptional case for purposes of 35 U.S.C. § 285.

Defendant's Position: Other principal factual issues include (1) whether U.S. Patent No. 7,497,361 is invalid and/or unenforceable, (2) whether 7,497,361 is not infringed; (3) whether Plaintiff's claim is barred or otherwise limited under principles of equity and/or in accordance with Defendant's affirmative defenses; and (4) whether this is an exceptional case in favor of Defendant for purposes of 35 U.S.C. § 285.

### 6. Which Defendants Have Been Served with Process

All defendants have been served with process.

## B. Proceedings to Date

### 1. Summary of all Substantive Rulings

Defendant had moved to dismiss the original complaint for infringement. On February 11, 2016, Plaintiff agreed to file an amended complaint, and the Court dismissed the motion without prejudice. After a hearing before the Court, and inspection of one of Navistar's manufacturing process, prior counsel for Plaintiff withdrew from the case. Current counsel has since filed a first amended complaint.

### 2. Description of Pending Motions

None.

C.  **Discovery and Case Plan**

   1.  **Summary of Discovery that Has Already Occurred**

Defendant and Plaintiff served Initial Disclosures pursuant to the Local Patent Rules on September 4, 2015 and September 8, 2015, respectively. On September 9, 2015, Plaintiff served document requests, interrogatories and requests for admission on Defendant. On September 21, 2015, Defendant served interrogatories and document requests on Plaintiff. On January 11, 2016, Plaintiff issued subpoenas to non-party Alfing for deposition and documents/inspection.

   2.  **Whether Discovery Will Encompass Electronically Stored Information**

The parties will comply with the Local Patent Rules for ESI.

The parties have not reached a further agreement as to whether discovery will encompass electronically stored information ("ESI").

   3.  **Proposed Scheduling Order**

   (a)  As described above in Section C, the parties have already exchanged Initial Disclosures, although Plaintiff has since filed an amended complaint.

   (b)  As described above in Section C, the parties have already issued written discovery requests, although Plaintiff has since filed an amended complaint.

   (c)  The deadline for fact discovery has not been set. Plaintiff submits that discovery should begin immediately. Defendant submits that discovery should be stayed until Plaintiff inspects the non-party process(es) to assess as yet unknown-to-it details that bear directly on issues of non-infringement and/or for consideration of Defendant's contemplated motion on the pleadings.

   (d)  <u>Plaintiff's Proposal</u>:  Plaintiff does not contend that discovery should proceed in phases,

   <u>Defendant's Proposal</u>:  Except as stated, Defendant does not believe that discovery should proceed in phases.

   (e)  The parties believe it is likely that experts will be needed in this case. Rule 26(2) expert reports submitted by parties with the burden of proof must be disclosed no later than 21 days after this Court's ruling on Clam Construction. Rebuttal reports are due within 35 days of after the submission of initial expert reports. Expert witness depositions must be completed no later than 35 days after the exchange of expert rebuttal reports. All expert discovery closes 35 days after the exchange of expert rebuttal reports.

(f)     As stated above in Section 6(e)-(f), the parties request until September 30, 2016 to amend their pleadings or to join other parties.

(g)     Dispositive motions may be filed no later than 28 days after the close of expert discovery. (LPR 6.1).

The parties acknowledge that the requirements of the Local Patent Rules apply to this case. The Proposed Case Management Order complies with the deadlines provided by the Local Patent Rules.

### 4. Whether There Has Been a Jury Demand

Plaintiffs and Defendants have demanded a jury trial.

### 5. Estimated Length of Trial

Trial is estimated to take 3-5 days.

## D. Settlement

### 1. Describe Settlement Discussions to Date

To date, there have been no settlement discussions between the parties.

### 2. Whether the Parties Request a Settlement Conference

Plaintiff is open to the possibility of a settlement conference following discovery and inspection of the accused process(es). Defendant submits that, in the interest of proportionality, full discovery is neither appropriate nor warranted at this time. Defendant is open to a settlement conference but submits that the parties should not do so until after inspection of the subject process(es).

## E. Magistrate Judge

### 1. Whether the Parties Consent to Proceed Before a Magistrate Judge

The Parties do not consent to proceeding before a magistrate judge for all purposes.

### 2. Any Particular Matters Already Referred to the Magistrate Judge

None.

DATED: June 28, 2016            Respectfully submitted,

                                         /s/ Thomas J. Wimbiscus

Thomas J. Wimbiscus
wimbiscus@mcandrews-ip.com
Troy A. Groetken
tgroetken@mcandrews-ip.com
Alejandro Menchaca
amenchaca@mcandrews-ip.com
McAndrews, Held & Malloy, Ltd.
500 West Madison St., 34th Floor
Chicago, IL 60661
(312) 775-8000
Attorneys for Defendant, Navistar, Inc.

/s/William Cory Spence
William.spence@spence.com
Jacob R. Graham
jacob.graham@spence.com
Spence PC
405 N. Wabash Ave., Suite P2E
Chicago, IL 60611
(312) 404-8882
Attorneys for Plaintiff, Fatigue Fracture
Technology, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2016, I electronically filed the foregoing with the Clerk of the Court via CM/ECF, which will send notifications of such filing via electronic mail to all counsel of record.

/s/ *Jacob R. Graham*