**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| FATIGUE FRACTURE TECHNOLOGY, LLC, | |
| Plaintiff, | |
| v. | Case No.: 15-cv-5667 |
| NAVISTAR, INC., | |
| Defendant. | Judge John Robert Blakey |
| NAVISTAR, INC., | |
| Counter-Plaintiff, | |
| v. | |
| FATIGUE FRACTURE TECHNOLOGY, LLC, | |
| Counter-Defendant. | |

**DEFENDANT NAVISTAR, INC.'S MEMORANDUM IN SUPPORT OF ITS**
**MOTION TO STRIKE PORTIONS OF PLAINTIFF'S**
**INITIAL INFRINGEMENT CONTENTIONS**

## INTRODUCTION

Navistar, Inc. ("Navistar") moves to strike Fatigue Fracture Technology, LLC's ("FFT") induced infringement contention because (1) FFT's amended complaint does not include a claim for induced infringement, and (2) FFT's induced infringement contention lacks the level of specificity required by the Local Patent Rules and applicable law. Navistar also moves to strike FFT's doctrine of equivalents contention because FFT rests solely upon boilerplate language asserting that the doctrine of equivalents has been met as an alternative theory.

## FACTUAL BACKGROUND

On November 24, 2014, counsel for FFT contacted Navistar to offer a license under U.S. Patent No. 7,497,361 ("the '361 patent"). That letter stated that based on FFT's review of a Navistar connecting rod (the "Connecting Rod"), FFT had concluded that the Connecting Rod was made by a process that infringed the '361 patent. FFT's review was solely limited to the single Connecting Rod and implicated only the process used for making that Connecting Rod. As confirmed in FFT's Amended Complaint, the Connecting Rod was made by Navistar and thus only the process for making the Connecting Rod z is at issue. (Dkt. 45 at ¶ 40; *see also* Dkt. 48 at ¶ 40.)

Notwithstanding the limited scope of FFT's investigation, in pre-litigation discussions Navistar voluntarily provided information for the processes used by both it and its suppliers demonstrating that neither used the technology of the '361 patent for fracturing connecting rods. Specifically, Navistar provided FFT a sworn verification from Navistar and two declarations from its two suppliers of connecting rods showing that the process used to fracture Navistar connecting rods did not infringe the '361 patent.

Through the parties' discussions, FFT was fully aware that Navistar's suppliers fractured some of Navistar's connecting rods. Despite this knowledge, on June 26, 2015, FFT filed its

original complaint alleging only that "Navistar is directly infringing at least claim 1 of the '361 Patent pursuant to 35 U.S.C. §§ 271(a) and/or 271(g)."  (Dkt. 1 at ¶ 18.)  Nowhere did the complaint allege that Navistar induced infringement.  During briefing on a motion to dismiss, FFT expressly stated that it was not accusing processes of Navistar vendors with infringement.  (Dkt. 21 at 1 ("FFT is accusing the manufacturing process which Navistar (not some third party vendor) uses in the manufacture of connecting rods").)  After an early exchange of documents and the above referenced declarations, FFT's original counsel withdrew from the case stating: "[w]e have worked with defense counsel on this issue, and through the process, it's apparent that we believe that we should withdraw."  (02/11/16 Hr'g Tr. at 3:20-22.)

Thereafter, FFT retained new counsel and filed an amended complaint.  The amended complaint alleged only that the process for fracturing the subject Connecting Rod directly infringing the '361 patent pursuant to §§ 271(a) and/or 271(g).  (Dkt. 45 at ¶ 47.)  Notably, the amended complaint did not accuse all processes used by or for Navistar for fracturing connecting rods of infringement.  Nor did the amended complaint allege that Navistar induced infringement (§271(b)) of any infringing process or allege facts plausibly showing that Navistar induced infringement.

Now, in its Initial Infringement Contentions, FFT seeks to also contend that Navistar has induced infringement of its three suppliers of connecting rods.  Such a contention of induced infringement necessarily accuses those three suppliers, and their respective processes, of directly infringing the '361 patent.  As noted above, however, the *sole* basis of FFT's amended complaint was a distinct process used by Navistar for fracturing the analyzed "Connecting Rod," which was alleged to have characteristics that are associated with use of the patented process. *See, e.g.*, Amended Complaint at paras. 24-55.  FFT's amended complaint did not purport to allege

infringement with respect to any and all processes used by any party whose connecting rods might end up at Navistar. Moreover, FFT's Infringement Contention is conclusory and without any factual support with respect to its new contention of inducement:

> For the reasons explained with respect to the accused part that is the subject of the ESI Report, FFT presently contends that Navistar sourced parts from at least [its three suppliers] in a way that induced infringement of the '361 Patent.

(Ex. A at 3.)

Indeed, FFT's amended complaint does not allege induced infringement, let alone facts sufficient to show that Navistar had "knowingly induced infringement and possessed specific intent to encourage another's infringement." *Mouldtec, Inc. v. Pagter & Partners Int'l B.V.*, No. 12-C-4249, 2012 WL 5966593, at *2 (N.D. Ill. Nov. 28, 2012) (quoting *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006)). FFT may not now try to back-door an allegation of induced infringement where it failed to allege such a legal theory or the requisite supporting facts in its amended complaint.

FFT's Initial Infringement Contentions also seek to rely on an "alternative" doctrine of equivalents theory, but FFT does not offer any explanation as to why or how Navistar's process meets the claim elements under the doctrine of equivalents:

> [W]ith respect to any claim element or limitation that may be found not to be literally embodied in the Accused Instrumentalities, FFT contends in the alternative that the Accused Instrumentalities embody such claim elements or limitations under the doctrine of equivalents and that any claim element o[r] limitation not found to be literally met is equivalently met because any difference between the claim element or limitation and the Accused Instrumentalities is not a substantial difference.

(Ex. A at 3.)

## ARGUMENT

## I. THE COURT SHOULD STRIKE FFT'S INDUCED INFRINGEMENT CONTENTION

### A. FFT Does Not Allege Induced Infringement In Its Amended Complaint

This Court's Local Patent Rules "require . . . meaningful disclosure of each party's contentions and support for <u>allegations in the pleadings</u>."  LPR, Preamble (emphasis added). Here, FFT's induced infringement claim is not an "allegation[] in the pleadings."  Instead, it is a new contention that finds no support in either the original or amended complaint.  FFT's amended complaint alleges only that Navistar directly infringes the '361 patent under 35 U.S.C. §§ 271(a) and/or 271(g)—not §§ 271(b) or (c):

> Upon information and belief, in violation of 35 U.S.C. §§ 271(a) and/or 271(g), Navistar has directly infringed, literally or under the doctrine of equivalents, one or more claims of the '361 Patent by using a process for fracture separation of connecting rods and/or using, selling, offering for sale, or importing connecting rods that are manufactured using the process, in this judicial district and elsewhere in the United States (directly or through intermediaries), whereby the process includes at least the steps recited in claim 1 and claim 5 of the '361 Patent.

(Dkt. 45 at ¶ 47.)  Further, FFT's amended complaint alleges infringement of a process used to make the "Connecting Rod," which FFT admits was made by Navistar itself, not via a process of any third party.  Initial Infringement Contentions at 2.

FFT does not allege that Navistar is liable for induced infringement.  Moreover, to allege inducement, the complaint must contain facts plausibly showing that the "alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement."  *Mouldtec*, 2012 WL 5966593, at *2.  FFT's amended complaint, however, does not contain any facts showing that Navistar specifically intended for its suppliers to infringe the '361 patent and that Navistar knew the suppliers' acts constituted infringement.

Furthermore, one of the primary goals of infringement contentions is "to allow the

5

defendant to pin down the plaintiff's theories of liability and to allow the plaintiff to pin down the defendant's theories of defense, <u>thus confining discovery</u> and trial preparation <u>to information that is pertinent to the theories of the case</u>." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006) (emphasis added); *see also Morningware, Inc. v. Hearthware Home Prods., Inc.*, No. 09-C-4348, 2010 WL 3781254, at *2 (N.D. Ill. Sept. 22, 2010) (stating that the purpose of the LPR's initial disclosures "is to identify the issues in the case and allow the parties to narrow their discovery requests."). Here, FFT's induced infringement contention does not "confin[e] discovery" but instead broadens discovery to include information that is not pertinent to FFT's direct infringement theories. In *Bradley v. Applied Marine Systems LLC*, No. 13-cv-03941, 2014 WL 1867354, at *4 (N.D. Cal. May 7, 2014), for example, the court found that the plaintiff's induced infringement contentions were "superfluous" because the complaint did not include a claim for induced infringement.

### B.    FFT's Induced Infringement Contention Does Not Satisfy LPR 2.2(e)

Even if FFT had pled induced infringement, FFT's induced infringement contention does not satisfy LPR 2.2(e), which requires "for each claim that is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement." As the Northern District of California[1] has explained:

> Patent Local Rule 3-1(d) requires plaintiffs to disclose for each claim "any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement." It is well established in this District that boilerplate language asserting indirect infringement does not satisfy Patent Local Rule 3-1(d). Nor are "generic allegations" that recite the elements of or a general theory behind indirect infringement sufficient under the local rule. Instead, put simply, "Rule 3-1(d) requires facts."

---

[1] The Northern District of California's Patent Local Rule 3-1(d) is essentially identical to LPR 2.2(e).

*Blue Spike, LLC v. Adobe Sys., Inc.*, No. 14-cv-01647, 2015 WL 335842, at *7 (N.D. Cal. Jan. 26, 2015) (internal citations omitted); *see also France Telecom, S.A. v. Marvell Semiconductor, Inc.*, No. 12-cv-04967, 2013 WL 1878912, at *5 (N.D. Cal. May 3, 2013) (finding "bare-boned recitation of the essential elements of a claim for indirect infringement" insufficient because "Rule 3-1(d) requires facts").

Here, FFT's generic contention of indirect infringement does not satisfy LPR 2.2(e) for a number of reasons. First, FFT fails to identify which claim it contends is infringed and instead generally contends that Navistar "induced infringement of the '361 Patent." Thus, Navistar is unable to determine if FFT's induced infringement contention is limited to claim 1 (the only claim FFT alleges that Navistar directly infringes) or includes other claims.

Second, FFT fails to specifically identify any conduct by Navistar's suppliers that would constitute direct infringement. *DSU Med.*, 471 F.3d at 1303 ("[T]he patentee always has the burden to show direct infringement for each instance of indirect infringement.").

Third, FFT's contention that "Navistar sourced parts from at least [its three suppliers] in a way that induced infringement of the '361 Patent" is boilerplate language and is in no way a "description of the acts of the alleged indirect infringer." For example, FFT does not offer any facts that show Navistar's intent to encourage infringement or Navistar's knowledge that its suppliers' acts constituted infringement. *See, e.g., Takeda Pharms. U.S.A., Inc. v. West-Ward Pharm. Corp.*, 785 F.3d 625, 630 (Fed. Cir. 2015) ("Inducement can be found where there is evidence of active steps to encourage direct infringement…."); *Creagri, Inc. v. Pinnaclife Inc.*, No. 11-cv-06635, 2012 WL 5389775, at *5 (N.D. Cal. Nov. 2, 2012) (finding insufficient contentions that "fail[ed] to identify what advertisements and instructions lead to what infringing behavior"). Indeed, courts have found contentions that were much more detailed than FFT's

contention to be insufficient. *See, e.g., France Telecom*, 2013 WL 1878912, at *5 (finding insufficient contentions that accused defendant of indirect infringement by "designing the accused products . . . managing the design . . . designing and testing the accused products specifically for compatibility and use within the United States . . . and advertising or representing to third parties that the infringing products are compatible or adapted for use within the United States").

## II. FFT'S DOCTRINE OF EQUIVALENTS CONTENTION DOES NOT SATISFY LPR 2.2(d) AND SHOULD BE STRICKEN

Local Patent Rule 2.2(d) requires that for any claim element present under the doctrine of equivalents, plaintiff's contention "must include an explanation of each function, way, and result that is equivalent and why any differences are not substantial."

> The doctrine of equivalents exists to prevent a fraud on the patent and not to give a patentee a second shot at proving infringement if it is not literally present. [Plaintiff] cannot merely add boilerplate language asserting that the doctrine of equivalents has been met as an alternative theory. It must specify in what way [Defendant's] products infringe under the doctrine of equivalents, or drop the contention altogether….

*Creagri*, 2012 WL 5389775, at *6; *see also Cap Co. v. McAfee, Inc.*, No. 14-cv-05068, 2015 WL 4734951, at *3 (N.D. Cal. Aug. 10, 2015) ("Courts in this district have almost uniformly rejected boilerplate language asserting that the doctrine of equivalents has been met as an alternative theory.").

Here, FFT merely contends that any claim limitation not literally present is alternatively infringed under the doctrine of equivalents.[2]  This boilerplate language is insufficient to satisfy

---

[2] FFT contends that "with respect to any claim element or limitation that may be found not to be literally embodied in the Accused Instrumentalities, FFT contends in the alternative that the Accused Instrumentalities embody such claim elements or limitations under the doctrine of equivalents and that any claim element o[r] limitation not found to be literally met is

the local rules because it fails to (1) identify which claim elements are present in Navistar's process under the doctrine of equivalents, (2) explain why any aspects of Navistar's process are equivalent, and (3) explain why any differences are insubstantial. Indeed, this Court has struck similar contentions concerning plaintiff's "alternative claims under the doctrine of equivalents" because the contentions "fail[ed] to explain why the purported aspects of the [accused product] are equivalent and why any differences are insubstantial." *Morningware*, 2010 WL 3781254, at *8.

## III.   CONCLUSION

For the foregoing reasons, the Court should grant Navistar's Motion to Strike FFT's induced infringement contention and doctrine of equivalents contention.

                                                    Respectfully submitted,

Dated:  September 12, 2016                  */s/ Alejandro Menchaca*
                                           Thomas J. Wimbiscus
                                           Troy A. Groetken
                                           Alejandro Menchaca
                                           Jesse T. Dyer
                                           MCANDREWS, HELD & MALLOY, LTD.
                                           500 W. Madison Street, 34th Floor
                                           Chicago, IL  60661
                                           Telephone: (312) 775-8000
                                           Facsimile:   (312) 775-8100

                                           *Attorneys for Defendant,*
                                           *Navistar, Inc.*

---

equivalently met because any difference between the claim element or limitation and the Accused Instrumentalities is not a substantial difference."  (Ex. A at 3.)

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 12th day of September, 2016 I have served **NAVISTAR, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF PLAINTIFF'S INITIAL INFRINGEMENT CONTENTIONS** as follows:

      **VIA EMAIL DELIVERY:**

      William Cory Spence
      Jacob Robert Graham
      SPENCE, P.C.
      540 North LaSalle Street
      Chicago, IL 60654
      Tel.: (312) 404-8883
      william.spench@spencepc.com
      jacob.graham@spencepc.com

      *Attorneys for Fatigue Fracture Technology, LLC*

                       _Alejandro Menchaca