**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| FATIGUE FRACTURE TECHNOLOGY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> NAVISTAR, INC., <br><br> Defendant. | Case No.: 15-cv-5667 <br><br> Judge John Robert Blakey |
| NAVISTAR, INC., <br><br> Counter-Plaintiff, <br><br> v. <br><br> FATIGUE FRACTURE TECHNOLOGY, LLC, <br><br> Counter-Defendant. | |

**DEFENDANT NAVISTAR, INC.'S REPLY IN SUPPORT OF ITS**
**MOTION TO STRIKE PORTIONS OF PLAINTIFF'S**
**INITIAL INFRINGEMENT CONTENTIONS**

Neither the Federal Rules of Civil Procedure nor the Local Patent Rules permit a party to pursue claims (and associated discovery for claims) that have not been pled. FFT does not dispute that it has never pled induced infringement. For this reason alone, FFT's contention of induced infringement should be stricken. Moreover, such a tactic would circumvent Fed. R. Civ. P. 11 and the heightened pleading standards under *Twombly*[1] and other applicable case law.

Even further, however, FFT's contentions of induced infringement and infringement under the doctrine of equivalents are deficient and do not satisfy the requirements of the Local Patent Rules. For this additional reason, both contentions should be stricken.

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

**The Federal Rules of Civil Procedure do not
permit a party to take discovery on claims not pled.**

FFT's attempt to expand the scope of discovery through its contentions is not permitted under the Federal Rules of Civil Procedure. FFT itself has cited to Fed. R. Civ. P. 26, but Rule 26 does not support FFT's position. Rule 26 states that discovery may be taken only of any party's claims or defenses:

> Parties may obtain discovery regarding any nonprivileged matter that is **relevant to any party's claim or defense** and proportional to the needs of the case …. [Emphasis added.]

Here, there is no dispute that FFT has not pled a claim for induced infringement in its Amended Complaint. FFT has no Rule 11 basis to plead such a claim. To permit FFT to circumvent the pleading requirements of Rule 11, including the heightened pleading standards in patent cases with the abrogation of Form 18 (form for a Complaint for Patent Infringement), and to seek discovery on any claim not alleged in its complaint, would contravene the limits placed on discovery by Rule 26.

FFT makes passing reference to its reliance on 35 U.S.C. § 271(g) to support its argument that it should be entitled to contend induced infringement and conduct discovery for such a claim. (FFT Brief at 6.) FFT, however, ignores the heightened factual pleading required for a claim of induced infringement that cannot be satisfied by mere reference to the statute, here 35 U.S.C. § 271(g). *Mouldtec, Inc. v. Pagter & Partners Int'l B.V.*, No. 12-C-4249, 2012 WL 5966593, at *2 (N.D. Ill. Nov. 28, 2012) (to allege inducement, the complaint must contain facts plausibly showing that the "alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.").  Further § 271(g) does not give rise to a claim of induced infringement.

### The Local Patent Rules do not permit a
### party to take discovery on claims not pled.

FFT also argues that the Local Patent Rules contemplate that the initial infringement contentions are only preliminary and entitle parties to exceed the scope of the pleadings. (FFT Brief at 6-7.) This is incorrect. The Local Patent Rules explicitly limit the scope of practice to only the claims of infringement actually pled, not unknown and unpled allegations:

> The [Local Patent] Rules require, along with a party's disclosures under Federal Rule of Civil Procedure 26(a)(1), meaningful disclosure of each party's contentions and support **for allegations in the pleadings**.

Local Patent Rules, Preamble ¶ 2.

Even the case cited by FFT – *O2 Micro* – to support broad discovery, and presumably loose standards for infringement contentions, does not support FFT's position. (FFT Brief at 8.) In *O2 Micro*, the court specifically notes that "discovery allows the plaintiff to develop facts to support **the theory of the complaint**…" (FFT Brief at 8 quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc*., 467 F.3d 1355, 1365 (Fed. Cir. 2006), emphasis added.) As noted in *O2 Micro*, discovery is limited to the claims actually pled in the complaint, not open to any and all claims for which the plaintiff has no Rule 11 basis to allege but would like to explore anyway.

### FFT does not dispute that its induced infringement and doctrine of
### equivalents contentions are deficient under the Local Patent Rules.

In its brief, Navistar cited to the controlling Local Patent Rules that specify the requirements for contentions of induced infringement and for infringement under the doctrine of equivalents. (Nav. Brief at 6, 8.) FFT has simply failed to even attempt to demonstrate that it has met the requirements of the Local Patent Rules. FFT's contentions should be stricken for this reason alone.

Finally, the remaining "color" spread throughout FFT's brief is not relevant to

3

consideration of Navistar's motion to strike. Navistar disagrees with FFT's attempt to paint Navistar as obstructing discovery. Indeed, Navistar permitted early inspection of two of its plants, produced detailed schematics of its machines at those Navistar plants, arranged for the early and voluntary inspection of the plant of one of its suppliers, and provided affidavits of two other suppliers. Navistar's early cooperation compelled FFT's original counsel to abandon the case. Thus, Navistar will not respond to the specific "color" in FFT's brief, but will do so if the Court requests a specific response.[2]

## Conclusion

FFT seeks to add a contention of induced infringement even though that issue is not even part of this case. From its brief, it is clear that FFT seeks to add such a contention in order to impermissibly expand the scope of discovery to issues for which FFT has no Rule 11 basis to assert. Neither the Federal Rules of Civil Procedure nor the Local Patent Rules provide for expanding the scope of discovery as sought by FFT.

Further, FFT does not dispute that its contentions fail to meet the requirements of the Local Patent Rules and are therefore deficient.

FFT's contentions of induced infringement and infringement under the doctrine of equivalents should be stricken.

_____

[2] Regarding FFT's argument that Navistar's motion to strike is a motion to compel under Fed. R. Civ. P. 37, this argument is unsupported. FFT cites *Morningware* for the proposition that a motion to strike an infringement contention is a Rule 37 motion to compel requiring a meet and confer. (FFT Brief at 1-2 citing *Morningware, Inc. v. Hearthware Home Prods.*, 2010 U.S. Dist. LEXIS 98927, *22-23 (N.D. Ill. Sept. 22, 2010). In *Morningware*, however, the motion in question was a Rule 37 sanctions motion "to dismiss Hearthware's infringement claims from this lawsuit." Id. at *1. Here, Navistar does not seek the dismissal of the complaint. Navistar seeks only to strike those contentions not aligned with the claim actually pled.

Respectfully submitted,

Dated:  October 6, 2016

 /s/ Alejandro Menchaca
Thomas J. Wimbiscus
Troy A. Groetken
Alejandro Menchaca
MCANDREWS, HELD & MALLOY, LTD.
500 W. Madison Street, 34th Floor
Chicago, IL  60661
Telephone: (312) 775-8000
Facsimile:   (312) 775-8100

*Attorneys for Defendant, Navistar, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Alejandro Menchaca, an attorney, hereby certify that on October 6, 2016, I caused the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF electronic filing system, which will send a notice of electronic filing to counsel of record.

_Alejandro Menchaca_